**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

MOLLIE PIRON and STEPHANIE MERINO, on behalf of themselves and all others similarly situated,

        Plaintiff,

v.

GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC.,

        Defendant.

CASE NO. 3:19-cv-00709

**CLASS ACTION COMPLAINT FOR
VIOLATION OF WARN ACT 29 U.S.C. § 2101, ET SEQ.**

Plaintiffs Mollie Piron and Stephanie Merino ("Plaintiffs") allege on behalf of themselves and a class of similarly situated former employees of Defendant, by way of their Class Action Complaint against General Dynamics Information Technology, Inc. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. In the spring of 2018, General Dynamics (GDIT) acquired CSRA, a company which performed federal agency employee background checks for the Office of Personnel Management ("OPM"). The CSRA employees continued to work within GDIT on the OPM contract as the Civil and Homeland Security Group (the "Group"). These employees comprised about 1,200 Investigators and about 300 Reviewers, including their managers. These employees

all worked from their homes, but ultimately reported up to managers Rebecca Knock and Anthony Durante, in the Group's Program Management Office in Falls Church, Virginia.

2. Upon information and belief, in the spring of 2019, GDIT management determined the OPM work would end in September 2019, and began laying off Group employees.

3. The first large wave of laid off employees were sent layoff letters on or about June 19 stating they would be terminated on July 3, 2019, because of a "business decision to reduce headcount".

4. Subsequent waves of similar layoffs occurred termination dates of July 26 and August 16. The final waves received letters on August 22 and 26 stating that "CSRA made a business decision to end the OPM contract, and that employment would end". Their termination dates were September 5 or 13, 2019, respectively.

5. Upon information and belief, after September 13, 2019, all field investigators, reviewers and their managers were gone, and only a few personnel associated with the Group remained to wrap up its affairs.

6. Under the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*. (the "WARN Act" or "WARN"), an employer must provide 60 days' notice prior to terminating 500 or more employees in a mass layoff. or before terminating 50 or more employees in a plant closing. The Group employees terminated in the waves of layoffs leading to shutdown of the Group constituted mass layoffs and plant closings without 60 days' notice, in violation of the WARN Act.

7. Plaintiff and all similarly situated employees seek to recover up to 60 days wages and benefits, pursuant to the WARN Act, from Defendant.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 2104(a)(5).

9. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

10. Plaintiff Mollie Piron was an employee of General Dynamics Information Technology, Inc. and held the position of Quality Analyst Associate and worked remotely for Defendant until her termination on or about July 3, 2019.

11. Plaintiff Stephanie Merino was employed as a Background Investigator III by Defendant and worked remotely until her termination on or about September 5, 2019.

### *Defendant*

12. Defendant General Dynamics Information Technology, Inc., is a Virginia corporation with its corporate headquarters located at 3170 Fairview Park Drive, Falls Church, Virginia (the "Facility") and conducted business in this district.

13. Until beginning on or about July 3, 2019, Plaintiff and all similarly situated employees were employed by Defendant and worked at or reported to the Facility.

14. Upon information and belief, Defendant made the decision to terminate the employment of Plaintiffs and the other similarly situated former employees between July 3 and September 13, 2019 in mass layoffs and a plant closing.

## WARN CLASS ALLEGATIONS, 29 U.S.C. § 2104

15. Plaintiffs bring the Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on behalf of themselves and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at, reported to, or received assignments from one of Defendant's Facility and were terminated without cause beginning on or about July 3, 2019 through September 5, 2019, and within 90 days of those dates, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendant beginning on or about July 3, 2019, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

16. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

17. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendant.

18. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

19. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

    (a) whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facility;

(b) whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

(c) whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

20. Plaintiffs' claims are typical of those of the WARN Class. Plaintiffs, like other WARN Class members, worked at Defendant's Facility and were terminated without cause beginning on or about July 3, 2019 through September 13, 2019 due to the mass layoffs and/or plant closing ordered by Defendant.

21. Plaintiffs will fairly and adequately protect the interests of the WARN Class. Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

22. On or about July 3, 2019 through September 5, 2019, Defendant terminated Plaintiffs' employment as part of mass layoffs or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which they were entitled to receive 60 days advance written notice under the WARN Act. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

23. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

24. Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

## CLAIM FOR RELIEF

### Violation of the WARN Act, 29 U.S.C. § 2104

25. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

26. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

27. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until they decided to order a mass layoff or plant closing at the Facility.

28. On or about July 3, 2019 through September 13, 2019, Defendant ordered a mass layoff and/or plant closing at the Facility, as those terms are defined by 29 U.S.C. § 210l(a)(2).

29. The mass layoff or plant closing at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce at the Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

6

30. Plaintiffs and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at the Facility.

31. Plaintiffs and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 210l(a)(5).

32. Defendant was required by the WARN Act to give the Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

33. Defendant failed to give the Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

34. Plaintiffs and each of the Class Members, are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

35. Defendant failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

36. The relief sought in this proceeding is equitable in nature.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of the Plaintiffs as the Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of the Plaintiffs and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A);

E. Attorneys' fees in accordance with, 29 U.S.C. § 2104 (a)(6); and

F. Such other and further relief as this Court may deem just and proper.

DATED: September 27, 2019

/s/ _____

Jennifer J. West, Esquire (VSB #47522)
Edward E. Bagnell, Jr., Esquire (VSB #74647)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone: (804) 697-2000
Facsimile: (804) 697-2100
Email: rchappell@spottsfain.com
Email: jwest@spottsfain.com

Jack A. Raisner, Esq. (*pro hac vice forthcoming*)
René S. Roupinian, Esq. (*pro hac vice forthcoming*)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone:     (212) 245-1000
E-mail:     jar@outtengolden.com
            rsr@outtengolden.com

*Attorneys for Plaintiffs and the putative Class*