IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

---

MOLLIE PIRON, STEPHANIE MERINO,
BOUNSOU THAMVANTHONGKHAM, and
CHRISTINA BEECROFT on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.

GENERAL DYNAMICS INFORMATION
TECHNOLOGY, INC.,

    Defendant.

Case No. 3:19-cv-00709-REP

---

**NOTICE TO CLASS OF (I) PROPOSED SETTLEMENT OF CLASS ACTION CONCERNING WARN ACT CLAIMS; (II) CERTIFICATION OF A CLASS FOR SETTLEMENT PURPOSES ONLY; (III) APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES; (IV) DATE OF COURT HEARING FOR FINAL APPROVAL OF PROPOSED WARN ACT SETTLEMENT; (V) RIGHT TO OBJECT TO THE SETTLEMENT AND TO APPEAR AT COURT HEARING, AND (VI) RIGHT OF CLASS MEMBERS TO OPT-OUT OF THE CLASS ACTION**

TO:    The GDIT employees who worked on its OPM contract and were involuntarily terminated between June 1, 2019 and December 31, 2019.

**TO OPT OUT OF THIS CLASS ACTION YOU MUST COMPLETE AND MAIL THE ENCLOSED EXCLUSION FORM TO CLASS COUNSEL.**

**EXCLUSION FORMS POSTMARKED AFTER SEPTEMBER 5, 2022** [ 22 days before the Fairness Hearing] **WILL NOT BE ACCEPTED AND YOU WILL BE A CLASS MEMBER.**

### INTRODUCTION

There is currently pending in the U.S. District Court for the Eastern District of Virginia a lawsuit filed by Plaintiffs against General Dynamic Information Technology, Inc. ("GDIT" or "Defendant") on September 27, 2019. Plaintiffs Mollie Piron, Stephanie Merino, Bounsou Thamvanthongkham, and Christina Beecroft, allege that they and other similarly situated individuals worked as part of Defendant's contract with the U.S. Office of Personnel Management ("OPM"). Plaintiffs allege that between June and December 2019, they were terminated without

cause due to a mass layoff or plant closing carried out by Defendant. The Plaintiffs claim that under the WARN Act, they and the other employees were entitled to receive written notice at least 60 days in advance of their terminations and that they did not receive a full 60 days of notice. The Plaintiffs claim that because of the Defendant's alleged failure to give the required notice, they and the other former employees terminated during this period are entitled to an award of wages and benefits from Defendant for the days (up to 60) that they did not receive notice. Defendant strongly disputes the claims set forth in the WARN Action.

Plaintiffs and Defendant have reached a proposed settlement of the WARN Action (the "Settlement Agreement") under which the payments described below will be provided to the members of the class (defined below). After extensive good-faith negotiations, the parties were able to reach the proposed settlement, which all parties, including Class Counsel (defined below), believe is fair and reasonable under the circumstances.

This notice is to inform you of: (a) the certification of the Class for settlement purposes only; (b) the proposed settlement of the WARN Action; (c) a description of the proposed Settlement Agreement; (d) the date of the Court hearing for final approval of the Settlement Agreement; (e) the right of each member of the class to object to the Settlement Agreement, and to appear at the hearing at which the Court will consider the final approval of the Settlement Agreement; and (f) the right of each member of the class to opt-out of the class.

Unless otherwise defined herein, capitalized terms shall have the meanings given to them in the Settlement Agreement (as defined below).

## DESCRIPTION OF THE WARN ACTION

On September 27, 2019, Plaintiffs filed a putative class-action complaint against Defendant alleging that Defendant violated the WARN Act by ordering employment terminations in connection with plant closings and/or mass layoffs between June and December 2019, without providing sixty (60) days' advance notice thereof, and that because of this alleged failure, the affected employees have damages in the amount of up to sixty (60) days' wages and benefits.

The Complaint was filed on behalf of the Plaintiffs and all other persons similarly situated. The WARN Act requires an employer having more than one hundred (100) full-time employees to give affected employees at least sixty (60) calendar days' advance written notice before a "mass layoff" or "plant closing," defined, in pertinent part, as events resulting in employment loss for at least fifty (50) employees at a "single site of employment." An employer who is found liable under the WARN Act can seek reduction of damages on the grounds that it believed in good faith that it was in compliance with the WARN Act.

Defendant denies the allegations in the Complaint and asserts, among other defenses, that Defendant was not required to give 60 days' notice of the terminations because they did not constitute plant closings or mass layoffs as defined by the WARN Act (including because affected employees predominantly worked remotely rather than from one "single site of employment"), that the Class Members were not "affected employees" or "aggrieved employees" as defined by

the WARN Act, that relevant case law supports Defendant's position, and that Defendant acted in good faith and had reasonable grounds for believing that its actions were lawful.

In February 2022, the Court certified the case as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, meaning that the case could be brought on behalf of all GDIT employees who worked on its OPM contract and were terminated between July[1] and December 2019.

In May 2022, following arm's length negotiations at a mediation session attended by Plaintiffs, the Defendant and its counsel, the Parties reached agreement on a compromise that provides, among other things, for the final settlement of the WARN Action and release of claims related in any way to the WARN Act or any federal, state or local laws providing similar relief, in exchange for Defendant agreeing to the Settlement Amount.

## THE PROPOSED SETTLEMENT AGREEMENT

The terms of the settlement are set forth in the Settlement Agreement entered into between the Defendant and the Class Representative (the "Settlement Agreement"). The following description of the proposed Settlement Agreement, which was preliminarily approved by the Court on July 12, 2022, is only a summary. In the event of any discrepancy between this summary and the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control. The Settlement Agreement shall become effective only if it is finally approved by the Court. You may obtain a copy of the complete Settlement Agreement from Class Counsel, René S. Roupinian, at (212) 221-1747, rr@raisnerroupinian.com, or at the address shown for her below.

## THE TERMS OF THE SETTLEMENT AGREEMENT

The relevant terms of the Settlement are summarized as follows:

The Parties have agreed to certification of a class (the "Class"), for settlement purposes only, comprised of:

> The GDIT employees who worked on its OPM contract and were involuntarily terminated between June 1, 2019 and December 31, 2019, and who do not file a timely request to opt-out of the class.

Plaintiffs Mollie Piron, Stephanie Merino, Bounsou Thamvanthongkham, and Christina Beecroft have been appointed the Class Representatives and their counsel, Raisner Roupinian LLP, has been appointed Class Counsel.

Upon the Effective Date of the Settlement Agreement,[2] the Class shall be awarded from the Defendant the amount of two million nine hundred eighty-eight thousand dollars ($2,988,000.00)

---

[1] As described below (see section entitled "THE TERMS OF THE SETTLEMENT AGREEMENT"), the Court has preliminarily approved expanding the class to include those terminated in June 2019 for the purposes of settlement.

[2] The Settlement Agreement shall become effective on the date on which it is approved by a Final Order of the Court. The order of the Court approving the Settlement Agreement will become a Final Order when the time for taking an appeal has expired or, in the event an appeal has been taken, the day the Final Settlement Order has been affirmed with no further right of appeal.

(the "Settlement Amount"). The Settlement Amount is inclusive of all amounts payable in this settlement and compromise, including, without limitation, attorneys' fees and expenses, and the Class Representative Service Payments (as defined below).

Each Class Member has the right to opt out of the Class and preserve all of her/his rights, if any, against Defendant (the "Opt-Outs"). Those Class Members who do not opt-out of the Class are eligible to share in the Settlement Amount and they release claims as outlined in the Settlement Agreement. Upon Court approval of the Settlement Agreement by a Final Order, it shall be effective as to all Class Members who do not opt-out of the Class.

Subject to Court approval, the following will be deducted from the Settlement Amount before payments are mailed to Settlement Class Members:

- The Class Representatives' service payments of $10,000 each (the "Class Representative Service Payments") as payment for their services to the Class in connection with the prosecution of the WARN Action, including participating extensively in the preparation of pleadings and in discovery; and

- Reimbursement of Class Counsel's expenses, including the cost of mailing this Notice, not to exceed $65,000.

- After payment of the Class Representative Service Payments and Class Counsel's expenses, Class Counsel shall receive one third of the balance of the Settlement Amount as its attorneys' fees.

- The balance shall be distributed as follows:

    o Class Members terminated between June 1, 2019, and September 30, 2019, will receive payments on a pro rata basis, based upon their compensation during their employment with Defendant and the amount of notice they received before their termination and their hire date.

    o Class Members terminated between October 1, 2019 and December 31, 2019, will received a fixed amount estimated to be $200 because their claims face significant WARN Act hurdles not shared by the other Class Members.

Class Counsel has approximated the individual distribution amount projected for each Class Member. Note: the amount will be adjusted if the final sum available for distribution or other variables change. You can obtain your projected amount by contacting Class Counsel (Raisner Roupinian LLP) at the number or e-mail address listed on page 6 of this Notice.

Any checks to Class Members that are not cashed within one hundred eighty (180) days of their mailing shall be void and any unclaimed funds will first be used to pay any individuals who Class

Counsel and Defendant may agree constitute erroneously omitted class members and then donated to the United Way, a non-profit 501(c)(3) charitable organization. By accepting his or her portion of the Settlement Fund, each Class Member agrees that he or she will be solely responsible for any and all tax liabilities stemming from the payment of his or her claim under the Settlement Agreement; provided, however, that the Administrator shall be solely responsible for any tax withholdings required by applicable law with respect to distributions to Class Members, for transmitting such withheld funds to the applicable taxing authority/ies and for issuing W-2 forms to the Class Members

## CLASS COUNSEL'S RECOMMENDATION

Class Counsel recommends the Settlement, believing that it is fair, reasonable, and adequate to the Class.

## RELEASE OF CLAIMS AND EFFECT OF APPROVAL OF SETTLEMENT AGREEMENT

Upon the Effective Date, the Class Members (except for any Opt-Outs), for and on behalf of themselves, and their respective predecessors, successors, assigns, heirs, personal representatives, and estates (collectively, the "Releasing Parties"), shall fully and forever release and discharge the Defendant, and each of their respective current and former members, subsidiaries and affiliated entities, and each of their respective officers, directors, shareholders, agents, employees, employee benefit plans, accountants, attorneys, representatives and other agents, and all of their respective predecessors, successors and assigns (collectively, the "Released Parties"), of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected, or disclosed, that the Releasing Parties may now have or hereafter may have against the Released Parties related to or are based upon the WARN Act or any other state or local laws or regulations claims for relief similar to those provided by the WARN Act (the "Released Claims").

Upon the Effective Date, the Class Members shall agree that any Released Claims shall be deemed waived without need for further court order.

## HOW TO OBJECT OR OPT-OUT

If you are satisfied with the proposed Settlement Agreement you need to do nothing and you will receive your share of any distribution made from the Qualified Settlement Fund.

If, on the other hand, you believe that the proposed Settlement Agreement is unfair or inadequate or believe that Class Counsel's Fees or Class Counsel's Expenses should not be approved, you may object by filing or mailing a written statement bearing the name and case number of this action (shown on the first page of this Notice) with the basis for your objection, to the Clerk of the Court, United States District Court for the Eastern District of Virginia, 701 E Broad St, Richmond, VA 23219, and by sending copies of that statement to: 1) René S. Roupinian, Esq., Raisner Roupinian LLP, 270 Madison Avenue, Suite 1801 New York, NY 10016; and 2) Paul S. Mishkin, Esq., Davis Polk & Wardell LLP, 450 Lexington Avenue, New York, New York 10017. Objections must be post-marked or filed with the Court by **September 5, 2022**, and must include your name, address,

5

and telephone number, together with a statement of whether you wish to be heard personally or by counsel at the final hearing at which the parties will be requesting binding Court approval of the Settlement, including Class Counsel's Fees and Class Counsel's Expenses, as described above.

You may also appear in person or by counsel at the final hearing described below.

**If you choose not to be bound by this Settlement and do not wish to share in any of the payments described herein, you may opt-out of the Class by filling out the attached "Opt-Out Form," and signing and mailing that form to: Class Counsel attn: René S. Roupinian, Esq., Raisner Roupinian LLP, 270 Madison Avenue, Suite 1801 New York, NY 10016. The "Opt-Out Form" form must be <u>postmarked</u> no later than <u>September 5, 2022</u>. All Opt Out Forms received after that date will not be effective, and any person who sends a late request will be a member of the Class.**

### FINAL HEARING TO APPROVE SETTLEMENT AND CLASS COUNSEL'S FEES AND <u>EXPENSES</u>

The hearing for final consideration and approval of the Settlement, including Class Counsel's Fees and Class Counsel's Expenses, is scheduled to take place on **<u>September 27, 2022, at 2:00 p.m. (E.T.)</u>** in Courtroom 7400 of the United States District Court for the Eastern District of Virginia, 701 E Broad St, Richmond, VA 23219, before the Honorable Robert E. Payne. The hearing may be adjourned without further notice. If you wish to determine whether the hearing is adjourned, you may contact René S. Roupinian at the address shown above.

### <u>OTHER INFORMATION</u>

Any questions from members of the Class concerning this Notice or the WARN Action should be directed to René S. Roupinian at the address shown above, or by email at rr@raisnerroupinian.com or by phone at 212 221-1747.

You may obtain a copy of the Settlement Agreement and other court filings by emailing Ms. Roupinian at rr@raisnerroupinian.com

While the Court has approved the sending of this Notice, it has not taken any position as to the claims and defenses asserted by the parties in the WARN Action.

### <u>PLEASE DO NOT WRITE TO OR CALL THE COURT CONCERNING THIS MATTER</u>

## **OPT-OUT FORM**

*Piron, et al. v. GDIT,* Case No. 3:19-cv-00709-REP

*United States District Court, Eastern District of Virginia (Richmond)*

I, the undersigned, have read the foregoing Class Notice and understand its contents.

I **DO NOT** want to participate in the above Settlement of the WARN Action, and **DO NOT** wish to receive any benefits from or be bound by the Settlement Agreement described herein.

NAME (printed)_____   SIGNATURE _____

ADDRESS: _____

CITY, STATE and ZIP CODE: _____

DATE:_____   TELEPHONE:_____

EMAIL ADDRESS: _____

If you do NOT wish to participate, send this completed form to:

RAISNER ROUPINIAN LLP
270 Madison Avenue, Suite 1801
New York, NY 10016

Attention: René S. Roupinian, Esq.