**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| MOLLIE PIRON, STEPHANIE MERINO, BOUNSOU THAMVANTHONGKHAM, and CHRISTINA BEECROFT on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC.,<br><br>                Defendant. | CASE NO. 3:19-cv-00709-REP |

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT,
APPROVING CLASS COUNSEL'S FEES AND EXPENSES AND RELATED RELIEF**

Upon the *Joint Motion for Final Approval of Settlement* (the "Settlement Motion");[1] and the Court finding that: (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §1331; (B) notice of the Settlement Motion and the hearing on the Settlement Motion was due and adequate under the circumstances; (C) no other notice need be given; and (D) any objections to the Motion having been withdrawn, waived or overruled; and the Court having reviewed the terms of the Settlement Agreement; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is in the best interest of the Defendant, the Class Representatives and the Settlement Class Members, and any other parties in interest; and after due deliberations and sufficient cause appearing therefore;

---

[1] Capitalized terms not otherwise defined in this Order shall have the meanings provided in the Settlement Motion.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Settlement Motion is GRANTED as set forth herein.

2. All objections to the Motion or the relief requested in the Settlement Motion, if any, that have not been withdrawn, waived, or settled, and all reservation of rights in such objections, if any, shall be and hereby are, OVERRULED in all respects on the merits and denied.

3. The Settlement Agreement submitted to the court (ECF 99-1) is approved on a final basis and in all respects as being fair, reasonable, adequate to the Settlement Class Members and other affected employees for the following reasons:

    a. If the Settlement is not approved, the litigation will likely be complicated, protracted, and expensive, thereby unnecessarily diminishing distributions to the Class Members if Plaintiffs prevail in this Action.

    b. The Class Representatives support the Settlement, and the terms of the Settlement are favorable to Settlement Class Members.

    c. The Settlement was reached after a thorough investigation, litigation, and mediation by the Parties.

    d. The Settlement is well within the range of reasonableness given the uncertainty of Plaintiffs' ability to establish liability.

    e. The Settlement Agreement was negotiated at arm's length by experienced counsel and in good faith, and is fair, equitable, and in the best interests of the Parties.

4. On the Effective Date, the terms of the Settlement Agreement shall become binding upon the Parties.

5. On the Effective Date, subject to and consistent with the terms of the Settlement Agreement, the releases set forth in the Settlement Agreement shall become effective.

6. Class Counsel is awarded its fees of one-third of the Settlement Amount, net of the Class Representative Service Payments of $10,000 to each Class Representative and Class

Counsel's expenses not to exceed $65,000, all of which shall be paid from the Settlement Amount in accordance with the terms of the Settlement Agreement. The cost of the Administrator and the employer's share of payroll taxes shall be paid by Defendant from separate funds and shall not be deducted from the Settlement Amount.

7. The entry of this Order is without prejudice to the relief granted in the Preliminary Order and entry of this Order shall not serve to extend or stay the time of filing any appeal regarding any of the relief granted in the Preliminary Order.

8. The Parties are hereby authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order and the Settlement Agreement.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon entry.

10. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and/or implementation of the Settlement Agreement and this Order.

It is so ORDERED.

/s/ _____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia

Date: _____, 2022

3